UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANGELA WALKER<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI DEPARTMENT OF CORRECTIONS., et al.,<br><br>Defendants. | Case No. 20-cv-04251-NKL |

## ORDER

Defendants Missouri Department of Corrections ("MDOC"), Missouri Vocational Enterprises ("MVE"), and Missouri Office of Administration ("MOA") move to dismiss the amended complaint by *pro se* plaintiff Angela Walker alleging Title VII and Equal Protection Act ("EPA") violations. Doc. 34. For the reasons discussed below, the motion to dismiss is granted in part, in that the claims against MOA are dismissed, and otherwise is denied.

### I. STANDARD

The Federal Rules of Civil Procedure require the dismissal of a complaint that fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

Where the pleading party is proceeding *pro se,* the Court must construe the pleadings "liberally." *Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir. 1983) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

## II. BACKGROUND

Ms. Walker alleges employment discrimination based on sex and race as well as retaliation by defendants MDOC, MVE, and MOA.

The Court previously granted in part Defendants' motion to dismiss the complaint for failure to state a claim against MOA. Doc. 32. However, the Court gave Ms. Walker leave to amend the complaint "to set forth more particular allegations concerning any employment relationship with MOA and to reference a corresponding right-to-sue letter." *Id.*, p. 9. Ms. Walker filed an amended complaint that included new allegations against MOA. Defendants now move to dismiss the amended complaint.

## III. DISCUSSION

### A. Whether Ms. Walker Has Stated a Claim Against MOA

When the Court dismissed Ms. Walker's claim against MOA, the Court gave Ms. Walker leave to amend her complaint "to set forth more particular allegations concerning any employment relationship with MOA and to reference a corresponding right-to-sue letter." Doc. 32, p. 9. Defendant argues that Ms. Walker has failed to exhaust her administrative remedies with respect to MOA. Ms. Walker responds that she is suing MOA pursuant to the EPA, which does not require the filing of an administrative claim.

While Ms. Walker is correct that the EPA does not require a plaintiff to first file an administrative claim with the Equal Employment Opportunity Commission, *see Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 550 U.S. 618, 640 (2007) (noting that "[T]he EPA does not require the filing of a charge with the EEOC . . . ."), she faces a more fundamental obstacle: Ms. Walker has not alleged facts showing that MOA was her employer. *See Brown v. Fred's, Inc.*, 494 F.3d 736, 739–40 (8th Cir. 2007) (noting that the EPA applies "to an 'employer'" (citation

omitted)).

Ms. Walker's amended complaint alleges repeatedly "that the Missouri Office of Administration is responsible in their roles of preventing [pay discrimination] as the personnel and payroll agency for Missouri state government. The Missouri Office of Administration is not a third party payroll organization but as part of Missouri state government are also allowed to be sued for personnel and payroll violations." In her response to the motion to dismiss, Ms. Walker elaborates on her theory with respect to MOA, arguing that it "is the Missouri state agency that is responsible for the operation of the payroll and also the uniform classification and pay system for Missouri state jobs," and that "its Division of Personnel . . . states which job duties are assigned to which positions and pay classifications associated with those positions." She further alleges that MOA is "responsible for working with state agencies such as MDOC to ensure uniform classification of pay, job duties, and job classifications for Missouri state employees."

Even if the Court were to consider Ms. Walker's arguments regarding MOA as though they were alleged in the complaint, Plaintiff has not alleged facts that would give rise to an inference that MOA was her employer within the meaning of the EPA. None of Ms. Walker's allegations suggests that MOA was responsible for "individual employment decisions" within MDOC and MVE, or alternatively that MOA and either MDOC or MVE were effectively alter egos. *See Brown v. Fred's, Inc.*, 494 F.3d 736, 739–40 (8th Cir. 2007) (holding that parent company may be deemed an employer of subsidiary's employees only if the parent "so dominates the subsidiary's operations that the two are one entity and therefore one employer" or "the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions'" (quoting, *inter alia*, *Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1268 (8th Cir. 1987) (granting summary judgment to defendant where "[t]here [wa]s no evidence linking [defendant] to any of

[the employer]'s individual employment decisions, including the decisions to terminate and to refuse to relocate [plaintiff]"))). Ms. Walker also does not allege that MOA was responsible for job classifications that discriminated on the basis of sex or race. The allegation that MOA was in charge of payroll and the uniform classification and pay system for Missouri jobs does not suggest that MOA made any decisions or took any action that affected Ms. Walker's employment in particular. *See, e.g.*, *Catani v. Chiodi*, No. CIV.00-1559(DWF/RLE), 2001 WL 920025, at *4 (D. Minn. Aug. 13, 2001) (finding that defendant was not a temporary employer where it had no control over the manner in which the Plaintiffs performed work, did not hire the employees, did not have the power to hire or fire, and provided no transportation or equipment).

Even considering the Court's obligation to construe *pro se* pleadings liberally, Ms. Walker's failure to allege a plausible employment relationship with MOA, even after being given a second chance to do so (Doc. 32, p. 9), warrants dismissal of the case against MOA for failure to state a claim.

### B. Whether Either MVE or MDOC Should Be Dismissed Because They Are Closely Related

Defendants argue that MVE and MDOC are "the same entity" because MVE is a subdivision of MDOC, and therefore MVE should be dismissed. As a preliminary matter, this issue raises questions of fact that cannot be resolved on a motion to dismiss. *See Dorr v. Weber*, 635 F. Supp. 2d 937, 946 (N.D. Iowa 2009) (holding that "fact-based contentions are not properly before the court on a Rule 12(b)(6) motion to dismiss, because they are based on matters outside of the pleadings"). At this stage of the litigation, there is no evidence that MVE and MDOC are the same employer or the same entity. Therefore, at present, Plaintiff is entitled to proceed against both defendants.

Further, as the Court's order on Defendants' first motion to dismiss (Doc. 32) made clear,

courts permit plaintiffs to assert claims against multiple alleged employers because a plaintiff is "not required to determine conclusively which of the . . . defendant companies was their employer at the pleadings stage or describe in detail the employer's corporate structure," as "[t]he pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015). Courts routinely refuse to dismiss cases against entities that may be interrelated. *See, e.g., Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (finding that district court erred in dismissing Title VII claims for failure to exhaust administrative remedies upon motion to dismiss because "there may be an identity of interest between a corporation and its owners"); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 511–12 (D. Kan. 2007) (stating that, "if named and unnamed entities in the EEOC charge constitute an integrated enterprise, the unnamed entities may be included in a suit under Title VII"); *Johnson v. Cty. of Cook*, 864 F. Supp. 84, 87 (N.D. Ill. 1994) (denying motion for summary judgment for failure to exhaust administrative remedies where the entity named in the charge was an "organizational subunit" of an entity that was not named in the charge); *Smith v. Moore*, No. CIVS030672FCDDADPS, 2005 WL 3325857, at *2 (E.D. Cal. Dec. 8, 2005) (finding that plaintiff exhausted administrative remedies with respect to defendant that was misnamed in the EEOC charge because the distinction between the named entity and the entity sued was "far from clear," as the two entities shared the same president and human resources manager and sent correspondence to plaintiff using similar names), *report and recommendation adopted,* No. CIVS030672FCDDADPS, 2006 WL 47403 (E.D. Cal. Jan. 6,

2006).¹  Neither MDOC nor MVE is entitled to dismissal simply because Defendants, who previously argued that Plaintiff had not exhausted her administrative remedies with respect to MVE, now baldly assert that MDOC and MVE are "one and the same entity."

Defendants argue that permitting Ms. Walker to sue both MDOC and MVE raises the prospect of her securing a "double recovery."  However, defendants may be held jointly and severally liable under Title VII and the EPA.  *See Warren v. Prejean*, 301 F.3d 893, 906–07 (8th Cir. 2002) (finding that district court did not abuse its discretion in holding defendants jointly and severally liable for lost wages and other damages on claims of sex discrimination and retaliation under Title VII); *Schirmer v. City of St. Louis*, No. 4:90 CV 1571 DDN, 1996 WL 742852, at *1 (E.D. Mo. Mar. 19, 1996) (finding for plaintiff on, *inter alia*, Equal Pay Act claim and awarding wage differential damages against two defendants jointly and severally).  Although the plaintiff can recover damages from either Defendant if she succeeds, she will not be entitled to recover more than the full amount of her damages.  *See United States v. O'Malley*, 364 F.3d 974, 982 (8th Cir. 2004) (noting, in criminal case, that "full payment of restitution relieved [one individual's] co-defendants of their joint and several liability for the same loss").  Thus, Defendants' "double recovery" argument is unpersuasive.

### C.  Whether MVE Is Entitled to Immunity on the Face of the Complaint

Defendants also argue that MVE is entitled to immunity under the Eleventh Amendment. However, Defendants simultaneously concede that Title VII abrogates immunity under the Eleventh Amendment for MDOC.  Indeed, Title VII permits suits for compensatory damages against state entities.  *See Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615, 623 (8th Cir.

---

¹ This case law does not rescue Ms. Walker's claims against MOA because, unlike her allegations against MDOC and MVE, Ms. Walker's allegations against MOA do not suggest that MOA exercised control over the terms or conditions of her employment.

2001) (holding that both Supreme Court precedent and the plain language of the statute establish that Title VII "allow[s] compensatory damages against states"); *see also Pointer v. Missouri Dep't of Corr.*, 46 F. App'x 385, 386 (8th Cir. 2002) (affirming dismissal of Age Discrimination in Employment Act claim because "ADEA did not abrogate states' Eleventh Amendment immunity," but reinstating Title VII claim that district court had erroneously dismissed). Defendants do not explain, and the Court sees no reason, why Title VII's abrogation of immunity should apply to MDOC but not MVE.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss, Doc. 34, is granted in part, in that the claims against MOA are dismissed. The motion to dismiss otherwise is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 28, 2021
Jefferson City, Missouri